UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:22-cv-12119-RGS

**ALEXANDRA E. MELINO,**
*Plaintiff*,

v.

**BOSTON MEDICAL CENTER,**
*Defendant*.

### PLAINTIFF'S MOTION TO STRIKE FROM THE DECLARATION OF JOHN M. HICKEY, ESQ., PARAGRAPHS 10-12, 14, AND 22

PLAINTIFF by and through counsel respectfully requests pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1 that this Honorable Cort strike from the Declaration of John M. Hickey, Esq., paragraphs 10-12, 14, and 22. As reason therefor, Plaintiff states as follows:

### ARGUMENT

In support of its motion for summary judgment, Defendant offers the Declaration of John M. Hickey, Esq. The applicable rule of civil procedure states unequivocally that an affidavit in support of a motion for summary judgment must set out facts that would be admissible at trial:

> An Declaration or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56 (c) (4). In applying the rule, the District Court has held that:

> Generally speaking, evidence must be admissible at trial in order to be considered on summary judgment. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 49–51 (1st Cir.1990). A significant exception is Declarations; under Rule Fed. R. Civ. P. 56 (e), Declarations, although not themselves admissible at trial, may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence… A motion to strike is the proper vehicle for challenging the admissibility of materials submitted in support of a motion for summary judgment.

*Goguen ex rel. Est. of Goguen v. Textron, Inc.,* 234 F.R.D. 13, 16 (D. Mass. 2006).  Plaintiff moves to strike certain paragraphs of Attorney Hickey's Declaration because they contain the following statements regarding recommendations of the Centers for Disease Control and Prevention (CDC) that are not admissible (emphases added):

> 10.  The hospital's decision to require employees to be vaccinated against COVID-19 was **based on the recommendation of the Center for Disease Control and Prevention ("CDC")** that vaccination was the best way to protect against severe illness, hospitalization, and death, and reduce the transmission of COVID-19.
>
> 11.  **Based on the recommendations of the CDC** and its own experience between January 31, 2020 and July 1, 2021, BMC knew that healthcare workers were more likely to contract COVID-19 than others because they faced significant exposure to the virus through infected patients and other healthcare staff.
>
> 12.  Importantly, **based on the recommendations of the CDC** and its own experience between January 31, 2020 and July 1, 2021, BMC knew that healthcare workers were at increased risk of infecting their patients, which included persons who were medically vulnerable to serious complications and death from the disease.
>
> 14.  At the time BMC implemented the Policy, **the CDC recommended vaccination as the best way to prevent COVID-19 infection and transmission of the virus**.
>
> 22.  **Based on recommendations from the CDC**, BMC determined that alternatives to the COVID-19 vaccine, such as masking, periodic testing, and social distancing, would not be as effective as the COVID-19 vaccine in reducing transmission. BMC also determined, from its experience between January 31, 2020 and July 1, 2021, that social distancing is not always practicable for staff and patients and testing is inadequate to reduce transmission because it may miss infections on days staff are not tested.

These statements in bold are hearsay within the meaning of Fed. R. Evid. 801 (c) and "[i]t is black-letter law that hearsay evidence cannot be considered on summary judgment." *Davila v. Corporacion De Puerto Rico Para La Difusion Publica*, 498 F.3d 9, 17 (1st Cir. 2007). Attorney Hickey presents no documents from the CDC (such as publications from that agency

that might be self-authenticating under Fed. R. Evid. 902 (5)), merely assertions as to what the CDC recommended. In submitting this declaration, Defendant effectively asks the Court to assume the accuracy of the affiant's statements as to what the CDC recommended, statements that Defendant offers for the truth of the assertion that the CDC did, in fact, make those recommendations about vaccination.

Attorney Hickey is not an expert on this matter. He is the Director of Employee and Labor Relations at BMC, not an employee of the CDC, and not a scientist or a physician. In fact, Plaintiff (through Attorney Hickey) has stated that the question of whether the COVID-19 vaccines stop infection and transmission is beyond its ken:

> Interrogatory No. 4
>
> Do COVID-19 vaccines prevent recipients contracting (i.e. catching) COVID-19?
>
> Answer No. 4
>
> BMC objects to this request on the basis that the terms "contracting" and "catching" are vague and ambiguous in the context here of asking BMC to draw broad conclusions regarding complex scientific questions related to recently developed COVID-19 vaccines. Further responding, Defendant states that it lacks knowledge sufficient to respond to this interrogatory, and states that because of the statistical, empirical, and scientific analysis necessary for Defendant to respond with its own opinion, the request is overly burdensome and Defendant cannot fairly respond. Further responding, Defendant further objects on the grounds that this Interrogatory seeks information that is not relevant to the Complaint and that is not reasonably calculated to lead to the discovery of admissible evidence.
>
> Interrogatory No. 5
>
> Do COVID-19 vaccines stop recipients transmitting (i.e. spreading) COVID-19?
>
> Answer No. 5
>
> BMC objects to this request on the basis that the terms "transmitting" and "spreading" are vague and ambiguous in the context here of asking BMC to draw broad conclusions regarding complex scientific questions related to recently developed COVID-19 vaccines. Further responding, Defendant states that it lacks

> knowledge sufficient to respond to this interrogatory, and states that because of the statistical, empirical, and scientific analysis necessary for Defendant to respond with its own opinion, the request is overly burdensome and Defendant cannot fairly respond. Further responding, Defendant further objects on the grounds that this Interrogatory seeks information that is not relevant to the Complaint and that is not reasonably calculated to lead to the discovery of admissible evidence.

Boston Medical Center's Objections and Responses to Plaintiff's First Interrogatories, filed herewith.  By way of the interrogatory answers signed by Attorney Hickey, Defendant has asserted that the question of whether the vaccines stop recipients from catching and spreading COVID-19 is not only "not relevant and not reasonably calculated to lead to the discovery of admissible evidence" but also "overly burdensome" because Defendant "lacks knowledge sufficient to respond" because of the "statistical, empirical, and scientific analysis necessary for Defendant to respond with its own opinion."  So, according to its interrogatory answers, Defendant cannot not "draw broad conclusions regarding complex scientific questions related to recently developed COVID-19 vaccines."  Now, however, Attorney Hickey avers:

> 14. At the time BMC implemented the Policy, the CDC recommended vaccination as the best way to prevent COVID-19 infection and transmission of the virus.

These positions are inconsistent.  On the one hand, Defendant through Attorney Hickey contends that the question of whether vaccination stops COVID-19 infection and transmission would require Defendant to draw broad conclusions regarding complex scientific questions requiring overly-burdensome statistical, empirical, and scientific analysis; on the other hand, Defendant through Attorney Hickey also contends that vaccination was the best way to prevent COVID-19 infection and transmission because the CDC said so.

If Defendant is going to rely on the CDC for the proposition that the products prevent COVID-19 infection and transmission (something Defendant characterizes as a "broad

conclusion regarding complex scientific questions"), it must cite to particular CDC publications. As stated above, the publications from that agency may well be self-authenticating under Fed. R. Evid. 902 (5), but Plaintiff and the Court deserve to know exactly which CDC publications Defendant claims to be relying upon and exactly what those publications recommended. Attorney Hickey's hearsay assertions are not sufficient and should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court allow her motion to strike.

|  |  |
|---|---|
|  | Respectfully Submitted<br>Alexandra E. Melino<br>By Her Attorney:<br><br>*/s/Peter Vickery, Esq.*<br>Peter Vickery, Esq.<br>27 Pray Street<br>Amherst, MA 01002<br>BBO# 641574<br>Tel. (413) 992 2915 |
| May 10, 2024 | Email: peter@petervickery.com |

CERTIFICATE OF SERVICE
I, Peter Vickery, Esq., hereby certify that on this day I filed this document through the ECF system so that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

|  |  |
|---|---|
|  | */s/Peter Vickery, Esq.* |
| May 10, 2024 | Peter Vickery, Esq. |