UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-12119-RGS

ALEXANDRA MELINO

v.

BOSTON MEDICAL CENTER

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

May 28, 2024

STEARNS, D.J.

Alexandra Melino brings this religious discrimination action against her former employer, Boston Medical Center (BMC). She asserts that BMC violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a), and the Massachusetts anti-discrimination law (Chapter 151B), Mass. Gen. Laws ch. 151B, when it terminated her in the fall of 2021 for failing to comply with its COVID-19 vaccination requirement. Defendant now moves for summary judgment. For the following reasons, the court will allow the motion.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Courts assess religious discrimination claims[1] using a two-part framework:

> First, a plaintiff must make his prima facie case that a bona fide religious practice conflicts with an employment requirement and was the reason for the adverse employment action. The burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship.

*Lowe v. Mills*, 68 F.4th 706, 719 (1st Cir. 2023) (cleaned up). Here, the court need not decide whether Melino has made her prima facie case because, even assuming she has, her claim fails at the undue hardship stage.

---

[1] The court analyzes the Title VII and Chapter 151B claims together, as "Chapter 151B uses a similar framework [to that of Title VII] to evaluate failure to accommodate claims." *See Mekonnen v. OTG Mgmt., LLC*, 394 F. Supp. 3d 134, 157 (D. Mass. 2019).

As the Supreme Court recently clarified in *Groff v. DeJoy*, 600 U.S. 447 (2023), an accommodation poses undue hardship "when [the] burden is substantial in the overall context of an employer's business." *Id.* at 468. In determining whether a burden is substantial, a court must consider "all relevant factors in the case at hand, including the particular accommodations at issue, and their practical impact in light of the nature, size and operating cost of [an] employer." *Id.* at 470-471 (internal quotation marks and citations omitted) (alteration in original).

Defendant proffers evidence that (1) Melino could not work remotely because her job responsibilities included providing direct care to patients; (2) Melino could not work in-person while she remained unvaccinated without risking the health and safety of her patients (vulnerable individuals in critical condition who often relied on respirators) and other medical professionals;[2] and (3) any feasible accommodation would have imposed "substantial increased costs" on BMC. *Id.* at 470.

---

[2] The court denies the motion to strike for failure to comply with the conference requirement of L.R. 7.1. The court notes, however, that even if the court were to strike the relevant paragraphs of the Hickey Declaration, BMC need not rely on this testimony to establish the recommendations of the Centers for Disease Control and Prevention (CDC). These recommendations, and the medical and statistical information upon which they rest, are subject to judicial notice. *See* Fed. R. Evid. 201(b)(2); *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of factual information on CDC's website).

Melino does not dispute that, if the vaccine provides protections against COVID-19 infection and unvaccinated individuals are consequently at higher risk of transmitting the disease, this evidence suffices to show that accommodating her request would "substantial[ly]" burden the agency's operations.3  *Id.* at 468; *see* Pl.'s Opp'n to Mot. for Summ. J. (Pl.'s Opp'n) [Dkt # 23] at 10 ("If the vaccines worked, it would not be difficult for Defendant to establish undue hardship.").  She challenges only the underlying assumption that the vaccine protects against infection.  The problem is this: the record is devoid of any evidence from which a reasonable juror could give credence to her medical hypothesis.

Melino points to a statement by a spokesperson of the U.S. Food and Drug Administration (FDA) that the vaccine does not protect against infection with the SARS-CoV-2 virus.4  But even assuming this statement is

---

3 This is wise.  Courts across the country have found similar evidence sufficient to establish undue hardship.  *See, e.g.*, *Conner v. Raver*, 2023 WL 5498728, at *6 (N.D. Cal. Aug. 24, 2023); *Beickert v. N.Y.C. Dep't of Educ.*, 2023 WL 6214236, at *5-6 (E.D.N.Y. Sept. 25, 2023).

4 It is not clear whether Melino also intends to rely on the two articles cited cursorily in footnotes 2 and 3, as her in-text argument focuses on the alleged inconsistency between BMC's position in its motion and its position in its pleading and discovery responses (an inconsistency that, even if existent, does nothing to either prove or disprove the effectiveness of the vaccine).  To the extent she does, however, the court finds her argument unavailing.  Not only are the articles inadmissible as hearsay, but they also are not within the record before the court.  The link provided for the first

admissible non-hearsay, the quote is taken out of context. When the relevant paragraph is read as a whole, it becomes clear that the FDA official was merely clarifying that the vaccine is designed to prevent infection with the *disease* caused by the SARS-CoV-2 virus and not infection by the virus itself. *See* Ex. B to Vickery Aff. [Dkt # 23-5] at 12.  So understood, the statement affirms rather than casts doubt upon the efficacy of the vaccine in protecting against COVID-19.

## ORDER

For the foregoing reasons, the motion for summary judgment is <u>ALLOWED</u>.  The Clerk shall enter judgment against Melino and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

article (upon which the second article relies for the quoted absolute risk reduction rate) turns up an error page, and Melino has not otherwise attached a copy of the article for the court's review.